1  Tammy Hussin, Esq. (Bar No. 155290)
2  Lemberg & Associates, LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT  06905
8  Telephone:  (203) 653-2250
   Facsimile:  (203) 653-3424
9
10 Attorneys for Plaintiff,
   David Meske
11

FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

David Meske,

Plaintiff,

vs.

Aircare Medical Supply, Inc.; and DOES 1-10, inclusive,

Defendants.

Case No.: CV13-9254 PJW

**COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ.* AND CALIFORNIA BUSINESS & PROFESSIONS CODE 17200, *ET.SEQ.***

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, David Meske, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and California Business & Professions Code 17200, *et. seq.*

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

4. The Plaintiff, David Meske (hereafter "Plaintiff"), is an adult individual residing in Goleta, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, Aircare Medical Supply, Inc. ("Aircare"), is a California business entity with an address of 7039 Hayvenhurst Avenue, Van Nuys, California, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Aircare and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Aircare at all times acted by and through one or more of the Agents.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

8. In an effort to address a growing number of telephone marketing calls, Congress enacted in 1991 the Telephone Consumer Protection Act (TCPA). The TCPA restricts the making of telemarketing calls and the use of automatic telephone dialing systems and artificial or prerecorded voice messages. In 1992, the Federal Communications Commission adopted rules to implement the TCPA, including the requirement that entities making telephone solicitations institute procedures for maintaining company-specific do-not-call lists.

9. Toward that end, 47 C.F.R. 64.1200(c)(2), prohibits any solicitation to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

10. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. In addition, "if a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and

telephone number on the do-not-call list at the time the request is made. 47 C.F.R. 64.1200(d)(3).

12. A private right of action exists under 47 C.F.R. 64.1200 for any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC. 47 U.S.C. § 227(c)(5).

## THE FACTS

13. Plaintiff values his right to be free from unwanted intrusions and has no interest or desire to receive unsolicited calls in the privacy of his home. In an effort to ward of unwanted intruders, prior to the calls herein alleged, Plaintiff registered his residential telephone number on the national do-not-call registry.

14. Despite Plaintiff's do-not-call registration, Defendant called Plaintiff on his residential telephone to solicit its goods and services to him.

15. Each of the aforementioned calls was placed using an automatic telephone dialing system ("Automated Calls").

16. When Plaintiff answered the Automated Calls, there was no person available with whom Plaintiff could speak. Instead, Plaintiff experienced a period of dead air for approximately five seconds.

17. After the period of dead air, Defendant's telephone system sometimes disconnected the call; other times, Defendant's telephone system connected the call to the next available representative.

18. Plaintiff directed Defendant to remove his telephone number from Defendant's call list and cease all communications with him.

19. Plaintiff called Defendant on or about October 24, 2013 and advised that he did not want to be called and informed Defendant that his phone number was registered on the national do-not-call registry.

20. Defendant promised to remove Plaintiff's number from their call list and cease all calls to him.

21. Thereafter, Defendant continued to place Automated Calls to Plaintiff as aforementioned.

## COUNT I
## Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

22. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

23. Defendant placed unsolicited Automated Calls to Plaintiff on his residential landline.

24. Defendants' telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. Defendant placed multiple solicitation calls to Plaintiff's residential telephone without his prior express consent and over his objection.

26. Defendant ignored the fact that Plaintiff was registered on the national do-not-call registry and ignored Plaintiff's company specific request to cease all calls in violation of 47 C.F.R. 64.1200. *et. seq.*

27. Defendant placed more than one call to Plaintiff in violation of 47 C.F.R. 64.1200 within a twelve month period.

28. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

29. Defendant ignored the prohibitions of the TCPA and ignored Plaintiff's requests to stop the unwanted calls. As such, Defendant's Automated Calls to Plaintiff were made in knowing and/or willful violation of the TCPA and therefore each call is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Invasion of Privacy by Intrusion upon Seclusion

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of

another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

33. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

34. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

35. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

37. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

# COUNT III

## Violation of Business and Professions Code Section 17200 *et. seq.*

38. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant engaged in repeated instances of unlawful activity and unfair business practices as prohibited by Business and Professions Code sections 17200, *et seq.* ("hereinafter "UCL").

40. A business practice is "unlawful" if it violates an underlying state or federal statute or common law. Defendant is in violation of the UCL by violating the TCPA.

41. Defendant engaged in unfair business practices in violation of the UCL by continuing to contact Plaintiff after being requested not to call, invading Plaintiff's right of privacy and causing injury thereby.

42. It is likely that Defendant engages in a pattern of similar conduct when soliciting other California residents, invading their privacy rights and causing injury.

43. Defendant should be enjoined from further violations of the TCPA when soliciting its goods and services to California residents.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. An Order from the Court enjoining Defendant from violating the TCPA when soliciting its goods and services to California residents;

B. As a result of Defendant's negligent violations of the TCPA, an award of $500.00 in statutory damages for each call pursuant to 47 U.S.C. § 227(b)(3)(B);

C. As a result of Defendant's willful and/or knowing violations of the TCPA, an award of treble damages of $1500 for each call 7to 47 U.S.C. § 227(b)(3)(B) and (C);

D. Costs of litigation and reasonable attorney's fees pursuant to pursuant to Cal. Civ. Code § 1021.5 for violations of the B&P Code; and

E. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: December 13, 2013        TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, David Meske